## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| VERONICA L. PILCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-216 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Veronica L. Pilcher seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm,

even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet

or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Pilcher was 36 years old when she applied for DIB in April 2020. Tr. 184-187.  She alleges a disability onset date of August 27, 2019.  Tr. 184.  She completed four or more years of college and contract defense acquisition training.  Tr. 40.  She has past work experience as a contract specialist and transportation specialist, *i.e.*, truck driver, with the United States Army.  Tr. 57, 219.  After a hearing, tr. 33-60, the ALJ issued an unfavorable decision, tr. 12-32.

The ALJ found that Pilcher's idiopathic intracranial hypertension, also known as pseudo tumor cerebri, status post lumbar shunt, headaches/migraines, asthma/reactive airway disease, obesity, post-traumatic stress disorder (PTSD), and adjustment disorder with mixed anxiety and depressed mood constituted severe impairments, tr. 18-19, but did not meet or medically equal a Listing, tr. 19-20.  The ALJ then found that Pilcher retained the RFC for light work except:

> [t]he claimant can lift and carry, push and pull 20 pounds occasionally, and 10 pounds frequently.  With normal breaks in an eight-hour day, she can sit for six hours, and stand and walk for six hours; can frequently stoop; kneel; crouch and

4

crawl; is unlimited in climbing ladders, ropes, scaffolds, ramps and stairs; is unlimited in balancing; and can tolerate occasional exposure to fumes, odors, dust, gases, poor ventilation, and extreme heat. The claimant can understand, remember and complete simple and detailed instructions; can concentrate and persist on these tasks for at least two hours at a time; can acceptably relate with co-workers, supervisors on an occasional basis, but should have no direct contact with the public, working better with things than with people; and can adapt to changes in a routine work setting.

Tr. 20-21; *see also* tr. 21-25. Pilcher, he determined, could not perform her past relevant work, but could perform jobs that exist in significant numbers in the national economy. Tr. 25-27. Therefore, she was found to be not disabled. Tr. 27.

Pilcher appealed the ALJ's decision to the Appeals Council, which denied her request for review. Tr. 1-6. After exhausting her administrative remedies, she filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1. She argues the ALJ failed to properly consider evidence from Veterans Affairs (the "VA") and a treating neurologist related to her migraines. Doc. 9 at 2, 7-10; *see also* doc. 13. The Commissioner responds that the ALJ appropriately considered the medical evidence under the governing regulations. *See* doc. 12 at 12-16.

## III.  ANALYSIS

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings.  20 C.F.R. § 404.1520c(a).[1]  Rather, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization.  20 C.F.R. § 404.1520c(c).  The new regulations differentiate between a "medical opinion," defined as "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) . . . ," 20 C.F.R. §§ 404.1513(a)(2) (defining "medical opinion"); 416.913(a)(2) (same), and "other medical evidence," which includes "judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis," 20 C.F.R. §§ 404.1513(a)(3) (defining "other medical evidence"); 416.913(a)(3) (same).

---

[1]  The Commissioner argued in detail the applicability of the new regulations to Plaintiff's case.  *See* doc. 12 at 4-11.  Plaintiff did not rebut the argument.  *See generally* doc. 13.  There is no dispute that the new regulations are applicable here.

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."

*Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Pilcher argues the ALJ did not properly consider "the only medical opinions of record about [her] migraine symptoms and limitations" from the VA or the Neurological Institute of Savannah.  Doc. 13 at 1; *see also* doc. 9 at 4-5 ("[T]he only opinions on the migraines' effects should have been addressed with sufficient articulation and reasoning to enable judicial review.").  She explains the VA "considered various evidence and witness statements including her prior supervisor and determined upon a 50% rating for migraines, which . . . reflects a determination that there exist 'very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.'"  Doc. 9 at 3 (citing tr. 856-57).  She further explains during a January 2020 visit her provider at The Neurological Institute of Savannah "noted frequent migraines, with about five in that month characterized as 'debilitating,' but generally about one to two/month require lying down in dark room."  *Id.* at 4 (citing tr. 1854).  While she concedes the ALJ acknowledged her own subjective testimony that the migraines were her most disabling impairment, she

argues he did not analyze the above-described "medical opinions." *Id.* at 4-5. This, she argues, was error. *Id.* at 5.

The Commissioner responds that under the new regulations the ALJ was not required to analyze the prior determination from the VA regarding Plaintiff's migraines.   Doc. 12 at 13 (citing 20 C.F.R. § 404.1520b(c)(1)-(3)).   The applicable regulations are clear that "[t]he ALJ is under no obligation under the Commissioner's revised regulations to address another agency's rating." *D.B. v. Comm'r of Soc. Sec.*, 2022 WL 613769, at *3 (M.D. Ga. Mar. 2, 2022) (citing 20 C.F.R. §§ 404.1504, 404.1520b(c)(1)).   The ALJ correctly applied this rule in his decision, concluding: "The claimant has been granted disability ratings by Veterans Affairs.  However, we are not bound by the decisions or ratings of disability from the VA and other agencies." Tr. 25.

Plaintiff responds that she is relying, not on the VA's ultimate decision, but on "its finding that she has prostrating migraines." Doc. 13 at 4.  She also suggests the ALJ was required to consider this finding, since the regulations provide that the Commissioner will consider "all of the supporting evidence underlying the other governmental agency['s] . . . decision[.]" *Id.* at 3 n.2 (quoting 20 C.F.R. § 404.1504).  However, the

only citation to the record she supplies is to, in her own words, the "V.A. determination." Doc. 9 at 3 (citing tr. 856-57). That decision was based on reports from Plaintiff and other non-medical third parties about the frequency and intensity of her migraines. *See* tr. 857 (discussing reports from Plaintiff, her former supervisor, her mother, and her partner). The ALJ generally considered reports from Plaintiff and others about her migraines. *See* tr. 22-23. Because the ALJ was not required to provide any analysis of the VA's decision, and because Plaintiff points *solely* to the VA's decision in support of her argument, her argument is unavailing.

Plaintiff's argument about the ALJ's analysis of The Neurological Institute of Savannah records is similarly unavailing. The Commissioner argues that the neurologist's report does not actually contain a medical opinion. Doc. 12 at 14. In reply, Plaintiff concedes that she "has generally relied upon the neurologist's notes re: partial migraine relief with p.r.n. medications, with accompanying dizziness." Doc. 13 at 4. These notes do not contain any statement about what Plaintiff "can still do despite [her] impairment(s)." 20 C.F.R. §§ 404.1513(a)(2); 416.913(a)(2); *see* tr. 343, 345. Therefore, it does not contain a medical opinion and the ALJ was not required to provide a reasoned explanation

for discounting it.  *See, e.g., Dye v. Comm'r of Soc. Sec.*, 2022 WL 970186, *4 (M.D. Fla. Mar. 31, 2022) (where physician's letter did not assess the extent to which claimant could perform any particular function in a work setting, it did not constitute a medical opinion, and the ALJ was not required to assess anything in the letter for its persuasiveness or offer any reason for not finding its contents persuasive).  Instead, faced with the neurologist's record, the ALJ was only required to consider it.  *See* 20 C.F.R. §§ 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); 416.920(a)(3) (same).  Notably, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole."  *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)) (internal quotation marks and brackets omitted).  Here, the ALJ considered the neurologist's report.  Tr. 22 (citing tr. 1854, 1857).  That is sufficient.

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA